UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL WAYNE LONG                               Plaintiff

v.                                            Civil Action No. 3:19-cv-P819-RGJ

UNITED STATES OF AMERICA                       Defendant

\* \* \* \* \*

## MEMORANDUM AND ORDER

This matter is before the Court upon a document filed by *pro se* Plaintiff Michael Wayne Long which the Court construes as a motion to alter or amend the Court's November 27, 2019, Memorandum and Order denying his application to proceed without prepayment of fees and directing him to pay the full $400.00 filing fee within 30 days (DN 7).[1]

As stated in its prior Memorandum and Order, section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. This statute provides in pertinent part as follows:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three-strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal complaint or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. Once a prisoner incurs "three strikes" under this provision, he is no longer allowed to proceed *in forma pauperis* and must prepay the entire filing

---

[1] The actual title of the filing before the Court is "Memorandum of Law to Support this Cause of Action & To Show Cause."

fee before a federal court may consider his complaint or appeal, unless the prisoner demonstrates that he is in "imminent danger of serious physical injury."

In its prior Memorandum and Order, the Court denied Plaintiff's application pursuant to 28 U.S.C. § 1915(g) because Plaintiff has filed at least three civil actions while incarcerated in the Commonwealth of Kentucky which were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted[2] and because none of the allegations set forth in the complaint showed that Plaintiff was in danger of serious physical injury.

In his motion, Plaintiff does not dispute that he is subject to the three-strikes provision. Rather, he reiterates that he is a "pauper" and states that the allegations set forth in his complaint regarding violations of his "due process rights" are sufficient "to invoke review by a court." Plaintiff argues that under the "Equality Principle . . . to deny adequate review to the poor means that * * * There can be no equal just where the kind of trial a . . . man gets depends on the amount of money he has." He continues, "The court must . . . consider the fact that plaintiff is a poor person and cannot pay for the Judiciary filing fee." Plaintiff argues that the Court's denial of his motion for leave to proceed without prepayment of fees under § 1915(g) violates "the Equality Principle" of the Fourteenth Amendment.

Plaintiff's argument that § 1915(g) is unconstitutional has been considered and rejected by the Sixth Circuit. *See Wilson v. Yaklich*, 148 F. 3d 596, 604-06 (6th Cir. 1998). Indeed, the Sixth Circuit has specifically held that § 1915(g) "does not violate the Equal Protection Clause, does not deny indigent prisoners access to the courts, and does not violate due process principles." *Lloyd v. Graham*, 22 F. App'x 525, 527 (6th Cir. 2001) (citing *Wilson*, 148 F. 3d. at 604-605).

---

[2] *See, e.g.*, *Long v. Hughes et al.*, Civil Action No. 3:97CV-P60-C; *Long v. Howard-Hughes et al.*, Civil Action No. 3:98CV-P201-S; and *Long v. Woosley*, Civil Action No. 3:98CV-P411-C.

2

Thus, finding no reason to alter or amend the Court's November 27, 2019, Memorandum and Order denying his application to proceed without prepayment of fees and directing him to pay the full filing fee, **IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend the Court's prior Memorandum and Order (DN 7) is **DENIED**.

**IT IS FURTHER ORDERED that within 21 days of entry of this Order, Plaintiff must pay the $400.00 filing fee in full. Plaintiff** is **WARNED** that his failure to pay the filing fee in full within the time allowed **will result in dismissal of the action and continued responsibility for payment of the $400.00 filing fee**. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

Date:


cc: Plaintiff, *pro se*
A961.011